**ORIGINAL**

**BY FAX**

1  David C. Parisi (SBN 162248)
   Azita Moradmand (SBN 260271)
2  PARISI & HAVENS LLP
   15233 Valleyheart Drive
3  Sherman Oaks, California 91403
   (818) 990-1299 (telephone)
4  (818) 501-7852 (facsimile)
   dcparisi@parisihavens.com
5  amoradmand@parisihavens.com

6  *Attorneys for Petitioners David Reta and Patricia Diaz*

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISON**

11

12 DAVID RETA and PATRICIA DIAZ,          **CASE NO.:**
   individuals, on their own behalves and
13 on behalf of all others similarly situated,  [Underlying Cases: United States
   situated,                              Bankruptcy Court for the Central District
                                          of California, BK Case No. 2:10-BK-
14              Petitioners,              41514-PC, Adversary Proceeding Case No.
                                          10-AP-03026-PC]
15        v.
                                          **PETITION TO ENFORCE**
16 SEEKZEN, INC.,                         **SUBPOENA ISSUED TO SEEKZEN,**
                                          **INC.; MEMORANDUM OF POINTS**
17              Respondent.               **AND AUTHORITIES IN SUPPORT;**
                                          **DECLARATION OF AZITA**
18                                        **MORADMAND**

19

20

21

22

23

24

25

26

27

28

COMES NOW Petitioners David Reta and Patricia Diaz ("Petitioners"), and hereby petitions the United States Bankruptcy Court for the Northern District of California, pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, for an Order enforcing a subpoena, issued by Petitioner's counsel from this Court on June 7, 2011 and served on June 7, 2011, which required of Respondent Seekzen, Inc. ("Respondent" or "Seekzen") to preserve and produce documents and computer media. A copy of the subject subpoena is attached to the accompanying attached declaration of Azita Moradmand as Exhibit 1.[1]

This petition is based upon Rule 45 of the Federal Rules of Civil Procedure on the grounds that the documents and computer media sought by means of the subject subpoena are relevant to Petitioners' allegations in its Adversary Complaint against Debtor Erik DeSando. Respondent has not objected to the subpoena and has not filed a motion to quash or a motion for a protective order.

This is an action arising out of a matter currently pending in the United States Bankruptcy Court for the Central District of California, Bankruptcy Case No. 2:10-BK-41514-PC and Adversary Proceeding Case No. 10-AP-03026-PC. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1331. Venue is proper in this district pursuant to 28 U.S.C. §1391.

Petitioner requests that this Bankruptcy Court set a miscellaneous hearing on this matter and that at such time and place the matter be considered based upon this Petition, the supporting memorandum of points and authorities and declaration of Azita Moradmand, the complete files and records in this matter and the underlying cases cited, and such evidence and argument as may be presented to the Court at that time and place.

---

[1] The caption of the Petition is different from the caption of the Subpoena because the Petitioners (David Reta and Patricia Diaz) substituted in for Kenneth Tanner as the Plaintiffs in the underlying case (*Tanner v. DeSando*, BK Case No. 2:10-BK-41514-PC, Adversary Proceeding Case No. 10-AP-03026-PC). (*See* Moradmand decl. ¶ 11).

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

PETITION TO ENFORCE SUBPOENA

Dated: August 12, 2011

PARISI & HAVENS LLP

By: *Azita Moradmand*

David C. Parisi
Azita Moradmand
Attorneys for Petitioners David Reta and
Patricia Diaz

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 3 of 53

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This petition arises from non-party respondent Seekzen, Inc.'s failure to comply with a subpoena for the production of documents and computer media served upon it by Petitioners' predecessor on June 7, 2011.[2] Despite Petitioners' numerous meet and confer efforts to secure the subpoenaed documents and computer media, Seekzen has not produced any responsive documents and computer media or a declaration attesting that no such documents and computer media could be located. Accordingly, Petitioners hereby seek the issuance of: (1) an order to show cause why Seekzen should not be found in contempt for failure to comply with a validly issued and served subpoena for the production of documents and computer media; (2) an order compelling Seekzen to produce the subpoenaed documents and computer media; and (3) an order awarding Petitioners' expenses and attorney's fees in an amount to be determined at a hearing after Petitioners have an opportunity to calculate the total amount of such fees and expenses incurred through this proceeding, but not less than $2,539.00 (total expenses and attorneys' fees incurred to date).

## II.   STATEMENT OF FACTS

On or about June 7, 2011, Petitioners properly served a Subpoena in an Adversary Proceeding for the Production of Documents and computer media (the "Subpoena") on Seekzen, Inc. via its Agent for Service of Process, Shawn Wu. (Moradmand decl. ¶ 2-3, Exhibits 1-2). The Subpoena requires Seekzen to produce documents and computer media relevant to Petitioners' allegations in its Adversary Complaint against Debtor Erik DeSando. (Moradmand decl. ¶ 2, Exhibit 1). Seekzen's last day to respond to the Subpoena was June 30, 2011. (Moradmand decl. ¶ 4, Exhibit 1). Despite being properly served with a valid subpoena, Seekzen did not provide responsive documents and computer media or the requested computer media. (Moradmand decl. ¶ 9). Furthermore, Seekzen did not serve

---

[2] On July 28, 2011, the United States Bankruptcy Court for the Central District of California entered an order permitting Petitioners (David Reta and Patricia Diaz) to substitute for Kenneth Tanner as the Plaintiffs in the underlying case (*Tanner v. DeSando*, BK Case No. 2:10-BK-41514-PC, Adversary Proceeding Case No. 10-AP-

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

-4-

Case: 11-00304   Doc# 1   Filed: 08/12/11   Entered: 08/12/11 14:50:22   Page 4 of 53

objections, and did not file a motion to quash or a motion for protective order. (Moradmand decl. ¶ 9).

Since serving Mr. Wu, Petitioners's undersigned counsel (Azita Moradmand) has contacted Seekzen via telephone at least three times to try to work out some sort of means for Seekzen to comply with the subpoena by leaving messages on both Mr. Wu's business voicemail and by leaving a message with Maggie Tsan, an employee of Seekzen (Moradmand decl. ¶ 5). On July 26, 2011, Ms. Moradmand sent Mr. Wu a letter requesting a response to the Subpoena and indicating that the instant petition would be filed if Seekzen did not provide a response by August 2, 2011. (Moradmand decl. ¶ 6, Exhibits 3-4). According to the United States Post Office website, the post office was not able to deliver the letter and a notice was left by the post office on July 28, 2011 (Moradmand decl. ¶ 7, Exhibits 5). Therefore, on August 4, 2011, Ms. Moradmand sent Shawn Wu a second letter via Mail regarding the subpoena. (Moradmand decl. ¶ 8, Exhibits 6).

To date, Petitioners' counsel has not received any responses from Shawn Wu or any Seekzen representative with respect to counsel's efforts to communicate with Mr. Wu and specifically counsel's July 26 and August 4 letters. (Moradmand decl. ¶ 9).

## III.  THIS COURT SHOULD REQUIRE SEEKZEN, INC. TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THE SUBPOENA

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Counsel for Petitioners issued a Subpoena in an Adversary Proceeding for production of documents and computer media (the "Subpeona") in accordance with Federal Rule of Civil Procedure 45(a)(2)(c), and pursuant to the authority conferred by Federal Rule of Civil Procedure 45(a)(3), which authorizes an attorney, as an officer of the court, to issue and sign a subpoena.

A subpoena issued by an attorney has the same effect as a court order with respect to civil contempt proceedings. *See* Fed. R. Civ. Pro. 45(e); *United States Securities & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Therefore, failure to comply with a

03026-PC). (Moradmand decl. ¶ 11).

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

validly issued subpoena without adequate excuse is a contempt of court and defiance of a court order. Fed. R. Civ. Pro. 45(e); *See Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975). To initiate civil contempt proceedings, the aggrieved party must file an application for an order to show cause why a contempt citation should not be issued against the non-complying party. *Alcade v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).

A non-party's failure to timely make objections to a Rule 45 subpoena generally requires the Court to find that any objection has been waived. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *In Re DG Acquisition Corp.*, 151 F.3d 75, 81 (2nd Cir. 1998). Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Seekzen was required to serve any objections within 14 days of the date of service of the Subpoena. Because the Subpoena was served on June 7, 2011, Seekzen's deadline to serve objections was June 21, 2011. Seekzen failed to serve any objections, let alone timely ones. Also, as stated above, Seekzen has not filed a motion to quash and has not filed a motion for protective order.

Likewise, Petitioners' efforts to meet and confer with Seekzen have been totally fruitless: indeed, as of the date of this petition, Seekzen has made no effort to communicate with Petitioners' counsel and has passively resisted counsel's efforts to communicate with Seekzen. (Moradmand decl. ¶ 8).

Accordingly, this court should issue an order to show cause why Seekzen should not be found in contempt for failure to comply with the Subpoena.

## IV. THIS COURT SHOULD COMPEL SEEKZEN TO PRODUCE RESPONSIVE DOCUMENTS AND COMPUTER MEDIA

Petitioners are entitled to the subpoenaed documents and computer media. The Subpoena requires Seekzen to produce documents and computer media relevant to Petitioners' allegations in its Adversary Complaint against Debtor Erik DeSando and certain other parties. (Moradmand decl. ¶ 2). Indeed, the subpoenaed evidence is critical to Petitioners' substantive claims. Debtor was an officer of a business (Be., LLC) that

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

-6-
PETITION TO ENFORCE SUBPOENA

1 | systematically violated the California Labor Code and induced thousands of customers to
2 | pay significant fees on illegal contracts. (*Id*.) Be., LLC failed in late 2009 or early 2010,
3 | and various other persons involved in Be., LLC have asserted that all Be., LLC's business
4 | records have been destroyed or otherwise lost. (*Id*.) Petitioners' counsel has thus far been
5 | unable to locate records sufficient to identify other customers of Be., LLC who may have a
6 | class claim against Debtor and others or to establish the liability of other, solvent
7 | defendants. (*Id*.) Be., LLC's former information technology director (Nicolas Fordham)
8 | previously indicated that Seekzen had complete copies of Be., LLC's business records, or
9 | copies of at least a significant portion of Be., LLC's business records. (*Id*.) On the basis of
10 | the foregoing, Petitioners' counsel asserts Seekzen may have sufficient documents and
11 | computer media to significantly aid the prosecution of Petitioner's case against Debtor and
12 | other, solvent Defendants, including information necessary to provide notice to class
13 | members if and when the case is certified as a class action. (*Id*.)

14 | Petitioners anticipate that Seekzen may have deleted some or all of these documents
15 | and computer media prior to (or perhaps after) receiving Petitioner's Subpoena. In an effort
16 | to address that possibility, the Subpoena requests Seekzen to "produce the computer media
17 | (including the computer hard drives) which contained [responsive, deleted] documents."
18 | (Moradmand decl. ¶ 2, Exhibits 1). The Subpoena also indicates that Petitioners would
19 | "arrange for forensic imaging, review the deleted disk space, reconstruct files which can be
20 | reconstructed, and evaluate the circumstances surrounding the deletion of those files that
21 | cannot be reconstructed, and return the media as promptly as possible." (*Id*.) All of
22 | Petitioners' efforts to work out a protocol that would better address any burden on Seekzen,
23 | Inc's part arising from compliance with the Subpoena have been stymied by Seekzen's
24 | refusal to communicate with Petitioners.

25 | Accordingly, this Court should issue an order compelling Seekzen to produce and
26 | computer media responsive to the Subpoena.

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

PETITION TO ENFORCE SUBPOENA

## V. PETITIONER SHOULD BE AWARDED HER ATTORNEY'S FEES IN BRINGING THIS PETITION IN THE AMOUNT OF $2,539.00

Pursuant to Federal Rule of Civil Procedure 37(a)(5), Petitioners are entitled to an award of their reasonable expenses, including attorney's fees, unless: (i) they failed to make a good faith attempt to obtain the discovery prior to bringing this matter to the Court's attention; (ii) Seekzen's non-disclosure, response or objection was substantially justified; or (iii) other circumstances that make the award of attorney's fees unjust.

As outlined above, Petitioners did make a good faith attempt to obtain the subpoenaed documents and computer media. Seekzen has not provided any response, has not served any objections and has not filed any motion to quash the subpoena or any motion for protective order. Moreover, no circumstances exist that would make the award of attorney's fees unjust in light of Seekzen's lack of even mere communication with counsel for Petitioners with respect to the Subpoena, despite their numerous efforts to meet and confer. Further, Seekzen has been advised that its continued lack of compliance with the Subpoena would result in the filing of a petition for orders to show cause why Seekzen should not be held in contempt for failure to comply with the subpoena, to compel production and award reasonable attorney's fees and expenses.

Accordingly, Petitioners should be awarded their attorney's fees and expenses in bringing this petition in the amount of $2,539.00. (Moradmand decl. ¶ 10.)

## VI. CONCLUSION

For the foregoing reasons, Petitioners respectfully requests that the Court enter an order: (1) requiring Seekzen's appropriate representative to appear before this Court on a date certain and show cause why it should not be held in contempt for failure to comply with the subpoena issued by Petitioner; (2) compelling Seekzen to provide documents and computer media responsive to the Subpoena; and (3) awarding Petitioners' reasonable expenses and attorney's fees in the amount of $2,539.00

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

PETITION TO ENFORCE SUBPOENA

Dated: August 12, 2011

PARISI & HAVENS LLP

By: *Azita Moradmand*

David C. Parisi
Azita Moradmand
Attorneys for Petitioners David Reta and
Patricia Diaz

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 9 of 53

# DECLARATION OF AZITA MORADMAND

I, Azita Moradmand, hereby declare as follows:

1.  I am an attorney at law licensed to practice before all of the courts of the State of California. I am employed by Parisi & Havens LLP, counsel of record for Petitioner Kenneth Tanner, and have personal knowledge of all of the facts set forth in this declaration, and, if called as a witness, I would and could testify competently to the truth thereof.

2.  On June 7, 2011, I issued a Subpoena in an Adversary Proceeding for the Production of Documents to Seekzen, Inc. ("the Subpoena") seeking documents and computer media relevant to Petitioner's allegations in its Adversary Complaint against Debtor Erik DeSando. (A true and correct copy of the Subpoena is attached hereto as Exhibit 1.) The Subpoena seeks documents and computer media relevant to Petitioner's claims against Debtor, and that Petitioner is not aware of any other source for these documents and computer media. On the basis of my review of discovery obtained elsewhere in this case and Petitioner's related, non-bankruptcy case, I aver that (a) Debtor was an officer of a business (Be., LLC) that systematically violated the California Labor Code and induced thousands of customers to pay significant fees on illegal contracts; (b) Be., LLC failed in late 2009 or early 2010; (c) various other persons involved in the business have asserted that all documents owned by the business have been destroyed or otherwise lost; (d) Petitioner's counsel has thus far been unable to locate records sufficient to identify other customers of Be., LLC who may have a class claim against Debtor and others, or to establish the liability of other, solvent defendants; (e) the former Be., LLC's information technology director (Nicolas Fordham) previously indicated that Seekzen, Inc. had a complete copies of Be., LLC's business records, or copies of a significant portion of Be., LLC's business records; and (f) I believe on the basis of the foregoing that Seekzen, Inc. may have sufficient documents and computer media to significantly aid the prosecution of Petitioner's case against Debtor and other, solvent Defendants, including information necessary to provide notice to class members if and when the case is certified as a class action.

Case: 11-00304   Doc# 1   Filed: 08/12/11   Entered: 08/12/11 14:50:22   Page 10 of 53

3.     The Subpoena was personally served upon Shawn Wu, Agent for Service of Process for Seekzen, Inc. on June 7, 2011. (A true and correct copy of the Proof of Service for the Subpoena is attached hereto as Exhibit 2.)

4.     Seekzen, Inc.'s last day to respond to the Subpoena was June 30, 2011.

5.     I contacted Shawn Wu at least three times to inquire as to the status of Seekzen, Inc.'s response to the subpoena via telephone by leaving messages on both his business voicemail and by leaving a message with Maggie Tsan, an employee of Seekzen, Inc.

6.     On July 26, 2011, I sent Shawn Wu a letter via Certified Mail regarding the subpoena. (A true and correct copy of the letter and the Certified Mail label are attached hereto as Exhibits 3 and 4, respectively.)

7.     On July 29, 2011, I checked the website for the United States Post Office with respect to delivery of my letter of July 26, 2011. The United States Post Office website showed that the post office attempted delivery on July 28, 2011, and left a notice. However, delivery was not completed. (A true and correct copy of the United States Post Office website print-out showing the attempted delivery date of the letter is attached hereto as Exhibit 5.)

8.     On August 4, 2011, I sent Shawn Wu a second letter via Mail regarding the subpoena. (A true and correct copy of the letter is attached hereto as Exhibit 6.)

9.     As of the date of this declaration, neither my law firm nor the law firms of any of my co-counsel in this matter have received any sort of response to the Subpoena (written, telephonic, in-person, or electronic) from Seekzen, Inc. or Shawn Wu. Specifically, neither my law firm nor the law firms of any of my co-counsel have received any objections, motion to quash, or motion for protective order from Seekzen, Inc. or Shawn Wu.

10.    I estimate that I will have spent well over ten (10) hours in preparing this Petition and supporting papers, preparing for the hearing, and traveling to and from the United States Bankruptcy Courthouse in San Francisco to attend the hearing. Although I will spend approximately another five to ten hours preparing for the hearing, reviewing any

Case: 11-00304   Doc# 1   Filed: 08/12/11   Entered: 08/12/11 14:50:22   Page 11 of 53

opposition, drafting a possible reply and traveling to and from San Francisco to attend the hearing on this matter, I only seek ten hours in attorney's fees. I am billed-out at the rate of $250.00 per hour. Thus, my attorney's fees for ten hours are $2,500.00. The cost of filing this Petition is $39.00. Accordingly, the total fees and expenses incurred with respect to this petition are approximately $2,539.00.

11.     On July 28, 2011, the United States Bankruptcy Court for the Central District of California entered an order permitting Petitioners, David Reta and Patricia Diaz, to substitute for Kenneth Tanner as the Plaintiffs in the underlying case. *See* Docket No. 23, *Tanner v. DeSando*, BK Case No. 2:10-BK-41514-PC, Adversary Proceeding Case No. 10-AP-03026-PC (Bankr. C.D. Cal. July 28, 2011).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on August 12th, 2011, at Sherman Oaks, California.

*Azita Moradmand*
Azita Moradmand

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

-12-
PETITION TO ENFORCE SUBPOENA

# Exhibit 1

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT

Northern District of California

| | |
|---|---|
| In re ERIK DeSANDO , | **SUBPOENA IN** |
| Debtor | **AN ADVERSARY PROCEEDING** |
| KENNETH TANNER, et al. , | |
| Plaintiff | PENDING IN THE UNITED STATES |
| v. | Case No. *  2:10-BK-41514-PC  BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| ERIK DeSANDO , | |
| Defendant | Chapter  7 |

Seekzen, Inc., c/o Shawn Wu, Agent for Service of Process

To: 1416 Tarrytown Street, San Mateo, California 94402     Adv. Proc. No. *  10-AP-03026-PC

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SUBPOENA SCHEDULE

SEE ATTACHED PRESERVATION INSTRUCTIONS

| PLACE  Parisi & Havens LLP<br>    15233 Valleyheart Drive, Sherman Oaks, California  91403 | DATE AND TIME<br>June 30, 2011; 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Azita Moradmand*      Attorney for Plaintiff | June 7, 2011 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Azita Moradmand; Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California  91403; (818) 990-1299

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
Azita Moradmand (SBN 260271)
amoradmand@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)

*Attorneys for Plaintiff*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ERIK DeSANDO, | No. 2:10-BK-41514-PC |
| Debtor, | Chapter 7 |
| | Adversary Proceeding No. 10-AP-03026-PC |
| | PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION) |
| | Judge Peter Carroll |
| KENNETH TANNER, individual, on his own behalf and on behalf of all others similarly situated, | **ATTACHED PRESERVATION INSTRUCTIONS AND SCHEDULE TO SUBPOENA FOR SEEKZEN, INC.** |
| Plaintiff, | |
| v. | |
| ERIK DeSANDO | |
| Defendant. | |

Attached Schedule for Subpoena to
SeekZen, Inc.

No. 10-AP-03026-PC

# PRESERVATION INSTRUCTIONS FOR SUBPOENA TO SEEKZEN, INC.

The attached subpoena places SeekZen, Inc. ("SeekZen") on notice that it has a duty to take immediate actions to preserve evidence relevant to this case, including in particular a copy of all documents created by or for the use of Be., LLC, Dynamic Showcases, LLC, and Be Marketing Limited, and any communications from or to MTS Holdings Group, Inc. (dba "My Talent Service"), 1901 Co., Barry Falck, Erik DeSando, Mitchell Silberberg Knupp, LLP, David Wheeler Newman, Vitaly Rashkovan, and/or Jacob Steinbeck. Failure to do so may expose SeekZen to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). **Further, California Penal Code section 135 provides criminal penalties for any person who, "knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same[.]"** Contact the counsel identified above if you there any questions.

The duty to preserve created by a subpoena extends to documents and other evidence within SeekZen's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). SeekZen has "control" over evidence or documents if it has the legal right to obtain them upon demand.

It is likely that virtually all of the documents requested in this subpoena are electronic. Effective preservation of documents requires SeekZen to identify and inventory the physical media where requested electronic documents may be found. Such physical media can take any number of forms, and the following list is provided for illustrative purposes: (1) hard drives attached to personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via USB or FireWire); (5) optical media (I.e., CDs and DVDs); (6) floppy discs; (7) portable devices including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the foregoing devices. Document custodians should be alerted that relevant documents may be found in any of the foregoing media, and that a single item of computer media may contain multiple file systems.

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 17 of 53

## ATTACHED SCHEDULE TO SUBPOENA TO SEEKZEN, INC.

**Instructions:**

SeekZen is required to respond to the attached subpoena in a manner that is consistent with Federal Rule 45. The following instructions do not limit the scope of SeekZen's obligations under the Rule 45, but are merely meant to remind or inform SeekZen of these duties and to provide examples of compliance those duties.

### A.    Definitions

With respect to this Subpoena,

1.    The term "Be" means Be., LLC, Dynamic Showcases, LLC, Dynamic Showcases, LLC, and Be Marketing Limited, their agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, and/or anyone acting on behalf of any of them, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Be" in this Schedule refer to the persons in the preceding sentence.

2.    The term "document" means any information that is fixed in a tangible form and stored in a medium from which it can be retrieved and examined. This definition includes, but is not limited to, emails, computer files in every kind and format, as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

3    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

4.    The term "concerning" means referring to, describing, evidencing, or constituting.

### B.    Scope

SeekZen shall produce (in addition to all documents in its possession or custody) all documents which SeekZen has a legal right to demand in its response to the Subpoena. By way of example, but without limitation, SeekZen shall produce all responsive documents found in the possession or custody of its agents, partners, attorneys, servants, employees, assignees, lessees,

affiliates, and/or anyone acting on behalf of any of SeekZen, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

### C.    Production of Electronic Documents

SeekZen shall produce any electronic documents requested herein in "native format," meaning the format in which they are ordinarily used or accessed by SeekZen outside of litigation. Native format explicitly includes application-specific metadata (like File Properties for Microsoft Word .doc files) and file system metadata (like the date of creation and modification and file permissions stored in an NTFS-formatted file system). In particular, SeekZen shall produce electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a .tar or .zip file. These archival formats simplify preservation of time-related metadata. These archival formats can also be used to simplify preservation of file systems' overall directory structure (and thereby responsive documents' filepath) by initially including the file systems' root directory in the archive, and then manually excluding all non-responsive directories and files. If SeekZen prefers, it may use a .tar or .zip or similar archival file format to produce all responsive documents on a particular file system. (The documents contained within the archive file should still be produced in their native format.) Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons.

However, if responsive electronic documents are in a file format that is not accessible by mass-market software, SeekZen shall translate the file to a format accessible by mass-market software. Please coordinate with Plaintiffs' counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata.

There are a variety of ways to authenticate electronic documents. For instance, SeekZen may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 19 of 53

time and resources. In either event, SeekZen can ensure the integrity of the electronic documents SeekZen produces by including a cryptographic hash value for each document (or each archive). These hash values can be used to label particular productions, and to ensure that the productions are not altered.

### D. Manner of Production

SeekZen shall organize the requested documents either "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A). If SeekZen does not organize and label produced documents, SeekZen must demonstrate that it produced the documents as they are kept in the usual course of business. SeekZen may be obliged to substantiate that the documents it produces are produced as they are kept in the ordinary course of business.

SeekZen should produce documents on optical media (CDs or DVDs) or on a portable hard drive. Ideally, SeekZen should produce documents on read-only optical media (such as CDs or DVDs). SeekZen should produce documents on properly-formatted hard drive only if production on optical media is impractical (because of storage limitations) or the translation to an optical media file system materially alters documents.

If SeekZen has paper documents without any electronic originals, those documents should be scanned into a .pdf format in a manner that ensures that they are legible and searchable. Please coordinate with Plaintiff's counsel early on, so that the logistics of scanning such paper documents in can be worked out in advance of the production deadline. For environmental and logistical reasons, documents that cannot be scanned should be produced on paper only as a last resort.

### E. Objections

Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for objection that is not stated in a timely objection are waived. If documents are withheld under a claim of privilege or protection as trial-preparation material, SeekZen shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which SeekZen claims support the application of such privilege) in a manner that,

Case: 11-00304   Doc# 1   Filed: 08/12/11   Entered: 08/12/11 14:50:22   Page 20 of 53

without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(d)(2). A privilege log or equivalent should be prepared with the SeekZen's response to the Subpoena, or an extension should negotiated beforehand.

**Schedule of Documents to be Produced by SeekZen, Inc.:**

1.  All documents created by or for the use of Be.

2.  All documents which constitute communications from or to MTS Holdings Group, Inc. (dba "My Talent Service"), 1901 Co., Barry Falck, Erik DeSando, Mitchell Silberberg Knupp, LLP, David Wheeler Newman, Vitaly Rashkovan, and/or Jacob Steinbeck.

3.  To the extent any electronic document in the foregoing categories has been deleted, please produce the computer media (including the computer hard drives) which contained such documents. Plaintiff will arrange for forensic imaging, review the deleted disk space, reconstruct files which can be reconstructed, and evaluate the circumstances surrounding the deletion of those files that cannot be reconstructed, and return the media as promptly as possible.

4.  All documents concerning payments from MTS Holdings Group, Inc. (dba "My Talent Service") and/or 1901 Co. to SeekZen.

5.  All documents concerning payments from Be to SeekZen.

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the following documents, Plaintiffs' Subpoena to SeekZen, Inc., was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

        Erik DeSando
        8033 Sunset Blvd., #626
        Los Angeles, CA 90046

Dated: June 7, 2011                 PARISI & HAVENS LLP

                                    By: *Azita Moradmand*
                                    David C. Parisi
                                    Suzanne Havens Beckman
                                    Azita Moradmand
                                    Attorneys for Plaintiff

# Exhibit 2

| PARISI & HAVENS LLP | (818) 990-1299 | |
|---|---|---|
| Azita Moradmand, Esq. | | |
| 15233 Valleyheart Drive | | |
| Sherman Oaks, California 91403 | | |

ATTORNEY FOR (*Name*): **Plaintiff**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re **ERIK DeSANDO**, Debtor

PLAINTIFF: **KENNETH TANNER, et al.**
DEFENDANT: **ERIK DeSANDO**

| PROOF OF SERVICE | HEARING DATE: 06/30/2011 | TIME: 10:00 a.m. | DEPT/DIV.: | CASE NUMBER: 2:10-BK-41514-PC Chapter 7 Adv. Proc. No. 10-AP-03026-PC |
|---|---|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the (*specify document(s)*): **SUBPOENA IN AN ADVERSARY PROCEEDING; ATTACHED PRESERVATION INSTRUCTIONS AND SCHEDULE TO SUBPOENA FOR SEEKZEN, INC.**

2.  a. Party served: **Seekzen, Inc., c/o Shawn Wu, Agent for Service of Process**

    b. Person served: **Shawn Wu, Agent for service of process**

    c. Address: **1416 Tarrytown Street**
    **San Mateo. California 94402**

3.  I served the party in item 2
    a.   **by personally delivering** the copies   (1) on (*date*): 06/07/2011
                                                     (2) at (*time*): **4:00 p.m.**

4.  **Witness fees were not demanded and were not paid.**

5.  Person serving (*name, address, and telephone No.*):

    **Esther Ortiz**
    **Ace Attorney Service, Inc.**
    400 Second Street, Suite 425
    San Francisco, California 94107
    (415) 556-1000

    f. Fee for service: $

    c.  Registered California process server.
    (1) Employee or independent contractor.
    (2) Registration No.: **1188**
    (3) County: **SAN FRANCISCO**

6.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: **June 08, 2011**

    _(signature)_

    *#803387.AL*

SUBP-002 [Rev. July 1, 2009]

## PROOF OF SERVICE

# Exhibit 3

**Parisi & Havens LLP**
15233 Valleyheart Drive
Sherman Oaks, California 91403

Phone: (818) 990-1299
Fax: (818) 501-7852

July 26, 2011

**VIA CERTIFIED MAIL**
Shawn Wu, Agent for Service of Process
Seekzen, Inc.
1416 Terrytown Street
San Mateo, California  94402

     Re:   *Subpoena Served Upon Seekzen, Inc. in Case No. 10-AP-03026-PC*

Dear Mr. Wu:

     I am writing with respect to the attached subpoena, which was served on June 7, 2011, the response date for which was June 30, 2011 (see attached proof of service).  I have left several messages on your business voicemail, as well as a message with Maggie Tsan.  To date, I have not received a response to the subpoena nor have I received any communication from you regarding this subpoena.

     If we do not receive a response from you by close of business on August 2, 2011, we will have no choice but to file an application for an order to show cause why Seekzen, Inc. should not be held in contempt for failure to comply with the subpoena.

     Very truly yours,

     *Azita Moradmand*

     Azita Moradmand

cc:   Ethan Preston, Esq. (w/enc.)

B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT

Northern District of California

In re  ERIK DeSANDO  ,
Debtor

KENNETH TANNER, et al. ,
Plaintiff

v.

ERIK DeSANDO  ,
Defendant

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No. *  2:10-BK-41514-PC

PENDING IN THE UNITED STATES
BANKRUPTCY COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA

Chapter  7

To:  Seekzen, Inc., c/o Shawn Wu, Agent for Service of Process
1416 Tarrytown Street, San Mateo, California 94402

Adv. Proc. No. *  10-AP-03026-PC

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SUBPOENA SCHEDULE

SEE ATTACHED PRESERVATION INSTRUCTIONS

| PLACE Parisi & Havens LLP<br>15233 Valleyheart Drive, Sherman Oaks, California  91403 | DATE AND TIME<br>June 30, 2011; 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Azita Moradmand* Attorney for Plaintiff | DATE<br>June 7, 2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Azita Moradmand; Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California  91403; (818) 990-1299

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as provided in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
Azita Moradmand (SBN 260271)
amoradmand@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)

*Attorneys for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ERIK DeSANDO,<br><br>        Debtor, | No. 2:10-BK-41514-PC<br><br>Chapter 7<br><br>Adversary Proceeding No.<br>10-AP-03026-PC<br><br>PENDING IN THE UNITED STATES<br>BANKRUPTCY COURT FOR THE<br>CENTRAL DISTRICT OF CALIFORNIA<br>(LOS ANGELES DIVISION)<br><br>Judge Peter Carroll |
| KENNETH TANNER, individual, on his<br>own behalf and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIK DeSANDO<br><br>        Defendant. | **ATTACHED PRESERVATION<br>INSTRUCTIONS AND SCHEDULE TO<br>SUBPOENA FOR SEEKZEN, INC.** |

**PRESERVATION INSTRUCTIONS FOR SUBPOENA TO SEEKZEN, INC.**

The attached subpoena places SeekZen, Inc. ("SeekZen") on notice that it has a duty to take immediate actions to preserve evidence relevant to this case, including in particular a copy of all documents created by or for the use of Be., LLC, Dynamic Showcases, LLC, and Be Marketing Limited, and any communications from or to MTS Holdings Group, Inc. (dba "My Talent Service"), 1901 Co., Barry Falck, Erik DeSando, Mitchell Silberberg Knupp, LLP, David Wheeler Newman, Vitaly Rashkovan, and/or Jacob Steinbeck. Failure to do so may expose SeekZen to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). **Further, California Penal Code section 135 provides criminal penalties for any person who, "knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same[.]"** Contact the counsel identified above if you there any questions.

The duty to preserve created by a subpoena extends to documents and other evidence within SeekZen's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). SeekZen has "control" over evidence or documents if it has the legal right to obtain them upon demand.

It is likely that virtually all of the documents requested in this subpoena are electronic. Effective preservation of documents requires SeekZen to identify and inventory the physical media where requested electronic documents may be found. Such physical media can take any number of forms, and the following list is provided for illustrative purposes: (1) hard drives attached to personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via USB or FireWire); (5) optical media (I.e., CDs and DVDs); (6) floppy discs; (7) portable devices including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the foregoing devices. Document custodians should be alerted that relevant documents may be found in any of the foregoing media, and that a single item of computer media may contain multiple file systems.

Case: 11-00304   Doc# 1   Filed: 08/12/11   Entered: 08/12/11 14:50:22   Page 30 of 53

# ATTACHED SCHEDULE TO SUBPOENA TO SEEKZEN, INC.

**Instructions:**

SeekZen is required to respond to the attached subpoena in a manner that is consistent with Federal Rule 45. The following instructions do not limit the scope of SeekZen's obligations under the Rule 45, but are merely meant to remind or inform SeekZen of these duties and to provide examples of compliance those duties.

### A.    Definitions

With respect to this Subpoena,

1. The term "Be" means Be., LLC, Dynamic Showcases, LLC, Dynamic Showcases, LLC, and Be Marketing Limited, their agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, and/or anyone acting on behalf of any of them, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Be" in this Schedule refer to the persons in the preceding sentence.

2. The term "document" means any information that is fixed in a tangible form and stored in a medium from which it can be retrieved and examined. This definition includes, but is not limited to, emails, computer files in every kind and format, as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

4. The term "concerning" means referring to, describing, evidencing, or constituting.

### B.    Scope

SeekZen shall produce (in addition to all documents in its possession or custody) all documents which SeekZen has a legal right to demand in its response to the Subpoena. By way of example, but without limitation, SeekZen shall produce all responsive documents found in the possession or custody of its agents, partners, attorneys, servants, employees, assignees, lessees,

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 31 of 53

affiliates, and/or anyone acting on behalf of any of SeekZen, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

## C.   Production of Electronic Documents

SeekZen shall produce any electronic documents requested herein in "native format," meaning the format in which they are ordinarily used or accessed by SeekZen outside of litigation. Native format explicitly includes application-specific metadata (like File Properties for Microsoft Word .doc files) and file system metadata (like the date of creation and modification and file permissions stored in an NTFS-formatted file system). In particular, SeekZen shall produce electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a .tar or .zip file. These archival formats simplify preservation of time-related metadata. These archival formats can also be used to simplify preservation of file systems' overall directory structure (and thereby responsive documents' filepath) by initially including the file systems' root directory in the archive, and then manually excluding all non-responsive directories and files. If SeekZen prefers, it may use a .tar or .zip or similar archival file format to produce all responsive documents on a particular file system. (The documents contained within the archive file should still be produced in their native format.) Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons.

However, if responsive electronic documents are in a file format that is not accessible by mass-market software, SeekZen shall translate the file to a format accessible by mass-market software. Please coordinate with Plaintiffs' counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata.

There are a variety of ways to authenticate electronic documents. For instance, SeekZen may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 32 of 53

1 time and resources. In either event, SeekZen can ensure the integrity of the electronic documents
2 SeekZen produces by including a cryptographic hash value for each document (or each archive).
3 These hash values can be used to label particular productions, and to ensure that the productions
4 are not altered.

### D. Manner of Production

6 SeekZen shall organize the requested documents either "as they are kept in the ordinary
7 course of business or must organize and label them to correspond to the categories in the
8 demand." Fed. R. Civ. P. 45(d)(1)(A). If SeekZen does not organize and label produced
9 documents, SeekZen must demonstrate that it produced the documents as they are kept in the
10 usual course of business. SeekZen may be obliged to substantiate that the documents it produces
11 are produced as they are kept in the ordinary course of business.

12 SeekZen should produce documents on optical media (CDs or DVDs) or on a portable
13 hard drive. Ideally, SeekZen should produce documents on read-only optical media (such as CDs
14 or DVDs). SeekZen should produce documents on properly-formatted hard drive only if
15 production on optical media is impractical (because of storage limitations) or the translation to an
16 optical media file system materially alters documents.

17 If SeekZen has paper documents without any electronic originals, those documents
18 should be scanned into a .pdf format in a manner that ensures that they are legible and
19 searchable. Please coordinate with Plaintiff's counsel early on, so that the logistics of scanning
20 such paper documents in can be worked out in advance of the production deadline. For
21 environmental and logistical reasons, documents that cannot be scanned should be produced on
22 paper only as a last resort.

### E. Objections

24 Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for
25 objection that is not stated in a timely objection are waived. If documents are withheld under a
26 claim of privilege or protection as trial-preparation material, SeekZen shall make the claim
27 expressly and shall describe the nature of the withheld documents (and, if applicable, the external
28 circumstances which SeekZen claims support the application of such privilege) in a manner that,

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 33 of 53

without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(d)(2). A privilege log or equivalent should be prepared with the SeekZen's response to the Subpoena, or an extension should negotiated beforehand.

**Schedule of Documents to be Produced by SeekZen, Inc.:**

1.  All documents created by or for the use of Be.

2.  All documents which constitute communications from or to MTS Holdings Group, Inc. (dba "My Talent Service"), 1901 Co., Barry Falck, Erik DeSando, Mitchell Silberberg Knupp, LLP, David Wheeler Newman, Vitaly Rashkovan, and/or Jacob Steinbeck.

3.  To the extent any electronic document in the foregoing categories has been deleted, please produce the computer media (including the computer hard drives) which contained such documents. Plaintiff will arrange for forensic imaging, review the deleted disk space, reconstruct files which can be reconstructed, and evaluate the circumstances surrounding the deletion of those files that cannot be reconstructed, and return the media as promptly as possible.

4.  All documents concerning payments from MTS Holdings Group, Inc. (dba "My Talent Service") and/or 1901 Co. to SeekZen.

5.  All documents concerning payments from Be to SeekZen.

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 34 of 53

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the following documents, Plaintiffs' Subpoena to SeekZen, Inc., was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Erik DeSando
8033 Sunset Blvd., #626
Los Angeles, CA 90046

Dated: June 7, 2011

PARISI & HAVENS LLP

By: *Azita Moradmand*

David C. Parisi
Suzanne Havens Beckman
Azita Moradmand
Attorneys for Plaintiff

Certificate of Service

No. 10-AP-03026-PC

PARISI & HAVENS LLP
Azita Moradmand, Esq.
15233 Valleyheart Drive
Sherman Oaks, California 91403

(818) 990-1299

ATTORNEY FOR (Name): **Plaintiff**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re ERIK DeSANDO, Debtor

PLAINTIFF:  **KENNETH TANNER, et al.**
DEFENDANT:  **ERIK DeSANDO**

| PROOF OF SERVICE | HEARING DATE:<br>06/30/2011 | TIME:<br>10:00 a.m. | DEPT/DIV.: | CASE NUMBER:<br>**2:10-BK-41514-PC**<br>**Chapter 7**<br>Adv. Proc. No.<br>**10-AP-03026-PC** |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the (*specify document(s)*):
**SUBPOENA IN AN ADVERSARY PROCEEDING; ATTACHED PRESERVATION INSTRUCTIONS AND SCHEDULE TO SUBPOENA FOR SEEKZEN, INC.**

2.  a. Party served:         **Seekzen, Inc., c/o Shawn Wu, Agent for Service of Process**

    b. Person served:       **Shawn Wu, Agent for service of process**

    c. Address:                **1416 Tarrytown Street**
                                      **San Mateo. California 94402**

3. I served the party in item 2
    a.    **by personally delivering** the copies      (1) on (*date*): 06/07/2011
                                                                           (2) at (*time*):  4:00 p.m.

4. **Witness fees were not demanded and were not paid.**

5. Person serving  (*name, address, and telephone No.*):

   **Esther Ortiz**
   **Ace Attorney Service, Inc.**
   400 Second Street, Suite 425
   San Francisco, California 94107
   (415) 556-1000

   f. **Fee for service: $**

   c.  Registered California process server.
   (1) Employee or independent contractor.
   (2) Registration No.: **1188**
   (3) County: **SAN FRANCISCO**

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date:     **June 08, 2011**

   _____
   (*signature*)

*#803387.AL*

SUBP-002 [Rev. July 1, 2009]

## PROOF OF SERVICE

# Exhibit 4



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ $1.04 |
| Certified Fee | $2.85 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $3.89 |

07/26/2011

Sent To: Shawn Wu, Agent for
Seek Zen Inc. Service of Proc.
Street, Apt. No.; or PO Box No. 1416 Terrytown Street
City, State, ZIP+4 San Mateo, CA 94402

PS Form 3800, June 2002          See Reverse for Instructions

7004 1160 0005 8182 3541

# Exhibit 5

Customer     USPS Mobile

Register / Sign In

Service
USPS.COM

Search USPS.com or Track Package

Quick Tools          Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

# Track & Confirm

GET EMAIL UPDATES     PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 7004116000581823541 | First-Class Mail® | Notice Left | July 28, 2011, 1:36 pm | SAN MATEO, CA 94402 | Expected Delivery By: July 28, 2011 Certified Mail™ |
| | | Processed through Sort Facility | July 26, 2011, 11:13 pm | SANTA CLARITA, CA 91383 | |
| | | Acceptance | July 26, 2011, 4:52 pm | SHERMAN OAKS, CA 91403 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2011 USPS. All Rights Reserved.

Case: 11-00304     Doc# 1     Filed: 08/12/11     Entered: 08/12/11 14:50:22     Page 40 of 53

# Exhibit 6

**Parisi & Havens LLP**
15233 Valleyheart Drive
Sherman Oaks, California 91403

Phone: (818) 990-1299
Fax: (818) 501-7852

August 4, 2011

**VIA U.S. MAIL**
Shawn Wu, Agent for Service of Process
Seekzen, Inc.
1416 Terrytown Street
San Mateo, California 94402

Re:     *Subpoena Served Upon Seekzen, Inc. in Case No. 10-AP-03026-PC*

Dear Mr. Wu:

I am writing with respect to the attached subpoena, which was served on June 7, 2011, the response date for which was June 30, 2011 (see attached proof of service). I have left several messages on your business voicemail, as well as a message with Maggie Tsan. I also sent a letter via certified mail on July 26, 2011. To date, I have not received a response to the subpoena nor have I received any communication from you regarding this subpoena.

This is to notify you that we will file an application for an order to show cause why Seekzen, Inc. should not be held in contempt for failure to comply with the subpoena, will seek an order compelling the subpoena and will also seek reasonable attorney's fees and costs.

Very truly yours,

*Azita Moradmand*

Azita Moradmand

cc:     Ethan Preston, Esq. (w/enc.)

# UNITED STATES BANKRUPTCY COURT

Northern District of California

| | |
|---|---|
| In re **ERIK DeSANDO** , <br> Debtor | **SUBPOENA IN** <br> **AN ADVERSARY PROCEEDING** |
| **KENNETH TANNER, et al.** , <br> Plaintiff | Case No. *  2:10-BK-41514-PC  PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| **v.** | |
| **ERIK DeSANDO** , <br> Defendant | Chapter  7 |

To: Seekzen, Inc., c/o Shawn Wu, Agent for Service of Process  1416 Tarrytown Street, San Mateo, California 94402     Adv. Proc. No. *  10-AP-03026-PC

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    SEE ATTACHED SUBPOENA SCHEDULE

    SEE ATTACHED PRESERVATION INSTRUCTIONS

| PLACE Parisi & Havens LLP <br> 15233 Valleyheart Drive, Sherman Oaks, California  91403 | DATE AND TIME <br> June 30, 2011; 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> *Azita Moradmand*  Attorney for Plaintiff | DATE <br> June 7, 2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Azita Moradmand; Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, California  91403; (818) 990-1299

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                          SIGNATURE OF SERVER


ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
Azita Moradmand (SBN 260271)
amoradmand@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)

*Attorneys for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ERIK DeSANDO,<br><br>Debtor, | No. 2:10-BK-41514-PC<br><br>Chapter 7<br><br>Adversary Proceeding No.<br>10-AP-03026-PC<br><br>PENDING IN THE UNITED STATES<br>BANKRUPTCY COURT FOR THE<br>CENTRAL DISTRICT OF CALIFORNIA<br>(LOS ANGELES DIVISION)<br><br>Judge Peter Carroll |
| KENNETH TANNER, individual, on his<br>own behalf and on behalf of all others<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERIK DeSANDO<br><br>Defendant. | **ATTACHED PRESERVATION<br>INSTRUCTIONS AND SCHEDULE TO<br>SUBPOENA FOR SEEKZEN, INC.** |

Attached Schedule for Subpoena to
SeekZen, Inc.

No. 10-AP-03026-PC

## PRESERVATION INSTRUCTIONS FOR SUBPOENA TO SEEKZEN, INC.

The attached subpoena places SeekZen, Inc. ("SeekZen") on notice that it has a duty to take immediate actions to preserve evidence relevant to this case, including in particular a copy of all documents created by or for the use of Be., LLC, Dynamic Showcases, LLC, and Be Marketing Limited, and any communications from or to MTS Holdings Group, Inc. (dba "My Talent Service"), 1901 Co., Barry Falck, Erik DeSando, Mitchell Silberberg Knupp, LLP, David Wheeler Newman, Vitaly Rashkovan, and/or Jacob Steinbeck. Failure to do so may expose SeekZen to sanctions for contempt of court. *See* Fed. R. Civ. P. 45(e). **Further, California Penal Code section 135 provides criminal penalties for any person who, "knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same[.]"** Contact the counsel identified above if you there any questions.

The duty to preserve created by a subpoena extends to documents and other evidence within SeekZen's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(iii). SeekZen has "control" over evidence or documents if it has the legal right to obtain them upon demand.

It is likely that virtually all of the documents requested in this subpoena are electronic. Effective preservation of documents requires SeekZen to identify and inventory the physical media where requested electronic documents may be found. Such physical media can take any number of forms, and the following list is provided for illustrative purposes: (1) hard drives attached to personal computers, laptops, and servers; (2) external, networked or detached drives; (3) archive or backup tapes; (4) portable drives (Flash USB drives and external hard drives connected via USB or FireWire); (5) optical media (I.e., CDs and DVDs); (6) floppy discs; (7) portable devices including wireless devices and other PDAs; and (8) volatile memory (i.e., RAM) of the foregoing devices. Document custodians should be alerted that relevant documents may be found in any of the foregoing media, and that a single item of computer media may contain multiple file systems.

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 46 of 53

# ATTACHED SCHEDULE TO SUBPOENA TO SEEKZEN, INC.

**Instructions:**

SeekZen is required to respond to the attached subpoena in a manner that is consistent with Federal Rule 45. The following instructions do not limit the scope of SeekZen's obligations under the Rule 45, but are merely meant to remind or inform SeekZen of these duties and to provide examples of compliance those duties.

**A.    Definitions**

With respect to this Subpoena,

1.    The term "Be" means Be., LLC, Dynamic Showcases, LLC, Dynamic Showcases, LLC, and Be Marketing Limited, their agents, partners, attorneys, servants, employees, assignees, lessees, affiliates, and/or anyone acting on behalf of any of them, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person. All references to "Be" in this Schedule refer to the persons in the preceding sentence.

2.    The term "document" means any information that is fixed in a tangible form and stored in a medium from which it can be retrieved and examined. This definition includes, but is not limited to, emails, computer files in every kind and format, as well as writings of every kind, any correspondence, books, records, logs, reports, memoranda, abstracts, advertisements, agreements, appointment records, audio recordings (whether transcribed or not), balance sheets, bills, books of account, certificates, communications, checks, compilations, papers, transcriptions or summaries of conversations, diaries, drafts, disks, notes, notations, plans and specifications, graphs, tapes, slides, computer programs, computer print-outs, entries, estimates, expense records, financial analyses, financial statements, forms, handbooks, telegrams, income statements, indices, intra-office and inter-office communications, invoices, itemizations, journals, letters, meeting reports, minutes, notes, payroll records, photocopies, photographs, press releases, prospectuses, publications, receipts, records of account, reports, resolutions, statements, statistical records, studies, summaries, system analyses, and time records.

3    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

4.    The term "concerning" means referring to, describing, evidencing, or constituting.

**B.    Scope**

SeekZen shall produce (in addition to all documents in its possession or custody) all documents which SeekZen has a legal right to demand in its response to the Subpoena. By way of example, but without limitation, SeekZen shall produce all responsive documents found in the possession or custody of its agents, partners, attorneys, servants, employees, assignees, lessees,

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 47 of 53

affiliates, and/or anyone acting on behalf of any of SeekZen, and/or any affiliate, subsidiary, parent or related corporation, partnership or entity, and/or anyone acting for or on behalf of any such subsidiary, related corporation, parent, partnership, entity, or natural person.

## C.    Production of Electronic Documents

SeekZen shall produce any electronic documents requested herein in "native format," meaning the format in which they are ordinarily used or accessed by SeekZen outside of litigation. Native format explicitly includes application-specific metadata (like File Properties for Microsoft Word .doc files) and file system metadata (like the date of creation and modification and file permissions stored in an NTFS-formatted file system). In particular, SeekZen shall produce electronic documents with their original filepath.

File system metadata can be preserved by archiving responsive electronic documents in a .tar or .zip file. These archival formats simplify preservation of time-related metadata. These archival formats can also be used to simplify preservation of file systems' overall directory structure (and thereby responsive documents' filepath) by initially including the file systems' root directory in the archive, and then manually excluding all non-responsive directories and files. If SeekZen prefers, it may use a .tar or .zip or similar archival file format to produce all responsive documents on a particular file system. (The documents contained within the archive file should still be produced in their native format.) Conversion of documents from other formats to a .tiff or .pdf format is not acceptable for a number of reasons.

However, if responsive electronic documents are in a file format that is not accessible by mass-market software, SeekZen shall translate the file to a format accessible by mass-market software. Please coordinate with Plaintiffs' counsel early on so that the logistics of translating such electronic documents can be worked out in advance of the production deadline. If possible, the documents should be translated in manner that preserves the original documents' metadata.

There are a variety of ways to authenticate electronic documents. For instance, SeekZen may wish to assign a Bates number or calculate a hash value for each electronic document produced, or each archival file, or even each CD or hard drive. A hash is a mathematical or cryptographic "signature" of a file, and can be used to authenticate documents with only minimal

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 48 of 53

time and resources. In either event, SeekZen can ensure the integrity of the electronic documents SeekZen produces by including a cryptographic hash value for each document (or each archive). These hash values can be used to label particular productions, and to ensure that the productions are not altered.

### D. Manner of Production

SeekZen shall organize the requested documents either "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(d)(1)(A). If SeekZen does not organize and label produced documents, SeekZen must demonstrate that it produced the documents as they are kept in the usual course of business. SeekZen may be obliged to substantiate that the documents it produces are produced as they are kept in the ordinary course of business.

SeekZen should produce documents on optical media (CDs or DVDs) or on a portable hard drive. Ideally, SeekZen should produce documents on read-only optical media (such as CDs or DVDs). SeekZen should produce documents on properly-formatted hard drive only if production on optical media is impractical (because of storage limitations) or the translation to an optical media file system materially alters documents.

If SeekZen has paper documents without any electronic originals, those documents should be scanned into a .pdf format in a manner that ensures that they are legible and searchable. Please coordinate with Plaintiff's counsel early on, so that the logistics of scanning such paper documents in can be worked out in advance of the production deadline. For environmental and logistical reasons, documents that cannot be scanned should be produced on paper only as a last resort.

### E. Objections

Any objections to the Subpoena must conform to Rule 45(c)(2)(B). Any grounds for objection that is not stated in a timely objection are waived. If documents are withheld under a claim of privilege or protection as trial-preparation material, SeekZen shall make the claim expressly and shall describe the nature of the withheld documents (and, if applicable, the external circumstances which SeekZen claims support the application of such privilege) in a manner that,

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 49 of 53

without revealing information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. *Cf.* Fed. R. Civ. P. 45(d)(2). A privilege log or equivalent should be prepared with the SeekZen's response to the Subpoena, or an extension should negotiated beforehand.

**Schedule of Documents to be Produced by SeekZen, Inc.:**

1. All documents created by or for the use of Be.

2. All documents which constitute communications from or to MTS Holdings Group, Inc. (dba "My Talent Service"), 1901 Co., Barry Falck, Erik DeSando, Mitchell Silberberg Knupp, LLP, David Wheeler Newman, Vitaly Rashkovan, and/or Jacob Steinbeck.

3. To the extent any electronic document in the foregoing categories has been deleted, please produce the computer media (including the computer hard drives) which contained such documents. Plaintiff will arrange for forensic imaging, review the deleted disk space, reconstruct files which can be reconstructed, and evaluate the circumstances surrounding the deletion of those files that cannot be reconstructed, and return the media as promptly as possible.

4. All documents concerning payments from MTS Holdings Group, Inc. (dba "My Talent Service") and/or 1901 Co. to SeekZen.

5. All documents concerning payments from Be to SeekZen.

Case: 11-00304    Doc# 1    Filed: 08/12/11    Entered: 08/12/11 14:50:22    Page 50 of 53

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the following documents, Plaintiffs' Subpoena to SeekZen, Inc., was this date served upon the parties below Fed. R. Civ. P. 5(b) by causing a copy of the same to be placed in the United States Mail, postage prepaid, and sent to their last known address as follows:

Erik DeSando
8033 Sunset Blvd., #626
Los Angeles, CA 90046

Dated: June 7, 2011

PARISI & HAVENS LLP

By: _Azita Moradmand_
David C. Parisi
Suzanne Havens Beckman
Azita Moradmand
Attorneys for Plaintiff

Certificate of Service

No. 10-AP-03026-PC

| PARISI & HAVENS LLP<br>Azita Moradmand, Esq.<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403<br><br>ATTORNEY FOR (*Name*): **Plaintiff** | (818) 9__ __ 299 | |
|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re ERIK DeSANDO, Debtor

PLAINTIFF:   **KENNETH TANNER, et al.**
DEFENDANT:   **ERIK DeSANDO**

| **PROOF OF SERVICE** | HEARING DATE:<br>**06/30/2011** | TIME:<br>**10:00 a.m.** | DEPT/DIV.: | CASE NUMBER:<br>**2:10-BK-41514-PC**<br>**Chapter 7**<br>Adv. Proc. No.<br>**10-AP-03026-PC** |
|---|---|---|---|---|

1.    At the time of service I was at least 18 years of age and not a party to this action, and **I served copies of the** (*specify document(s)*:
**SUBPOENA IN AN ADVERSARY PROCEEDING; ATTACHED PRESERVATION INSTRUCTIONS AND
SCHEDULE TO SUBPOENA FOR SEEKZEN, INC.**

2.    a. Party served:          **Seekzen, Inc., c/o Shawn Wu, Agent for Service of Process**

      b. Person served:       **Shawn Wu, Agent for service of process**

      c. Address:                **1416 Tarrytown Street**
                                       **San Mateo. California 94402**

3.    I served the party in item 2
      a.      **by personally delivering** the copies       (1) on (*date*): 06/07/2011
                                                                                     (2) at (*time*): **4:00 p.m.**

4.    **Witness fees were not demanded and were not paid.**

5.    Person serving  (*name, address, and telephone No.*):

      **Esther Ortiz**
      **Ace Attorney Service, Inc.**                                f. **Fee for service:** $
      400 Second Street, Suite 425
      San Francisco, California 94107                          c.  Registered California process server.
      (415) 556-1000                                                  (1) Employee or independent contractor.
                                                                                (2) Registration No.: **1188**
                                                                                (3) County: **SAN FRANCISCO**

6.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


      Date:      **June 08, 2011**


                                                                    _____
                                                                                (*signature*)


                                                                                                    *#803387.AL*

SUBP-002 [Rev. July 1, 2009]

**PROOF OF SERVICE**

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15233 Valleyheart Drive, Sherman Oaks, California 91403.

On August 12, 2011, I served the foregoing document described as:

**PETITION TO ENFORCE SUBPOENA ISSUED TO SEEKZEN, INC.;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**
**DECLARATION OF AZITA MORADMAND IN SUPPORT**

On interested parties in this action by placing ( ) the original (x) a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Erik DeSando<br>8033 Sunset Blvd., #626<br>Los Angeles, California 90046 | Debtor in Underlying Bankruptcy and Adversary Proceeding Cases |
| Shawn Wu, Agent for Service of Process<br>Seekzen, Inc.<br>1416 Terrytown Street<br>San Mateo, California 94402 | Respondent |

[x]  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondences for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 12, 2011, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Azita Moradmand_
Azita Moradmand

-13-
PETITION TO ENFORCE SUBPOENA